[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION TO DISQUALIFY
Defendant Thomas Yuditski has moved to disqualify the law firm of Pullman Comley, LLC from representing the plaintiffs, T. Paul Tremont and Lois Tremont, who have brought this suit as trustees of the "Tremont Sheldon, P. C. Profit Sharing Plan." The defendant's disqualification claim is based on Rules 1.7 and 3.7 of the Rules of Professional Conduct. For the reasons stated below, the motion to disqualify is denied.
The pension plan for which the plaintiffs are trustees is the successor to another pension plan, the "Tremont, Yuditski 
Sheldon, P.C. Employees' Pension Plan." At one time, Attorney Yuditski was associated with Attorneys Tremont and Sheldon. After the association ceased, some assets from the "Tremont, Yuditski 
Sheldon, P.C. Employee's Pension Plan" were distributed to Attorney Yuditski and other assets were transferred to the successor pension plan. The plaintiffs claim that due to an error by a transfer agent Attorney Yuditski received 2,100 shares of stock in a California company that should have been transferred to the successor pension plan. The plaintiffs have sued Attorney Yuditski on behalf of the successor pension plan. They seek to obtain the shares and the dividends that have been paid on the shares since 1991.
The defendant claims that Pullman Comley should be disqualified because a conflict of interest exists between Pullman Comley and the plaintiff and between Pullman Comley and the beneficiaries of the predecessor pension plan. The defendant relies on Rule 1.7(a), which provides, in part, "[a] lawyer shall not represent a client if the representation of that client will be directly adverse to another client. . . ." The defendant claims that Pullman Comley owed the defendant a fiduciary duty because it was retained by the plaintiffs to review the termination of the old plan and to advise the plaintiffs what distributions were to be made to the defendant. The court has reviewed the allegations of the complaint and the defendant's defenses and concludes Pullman Comley does not have CT Page 64 interests that are adverse to the interests of the new pension plan. The court also concludes the firm does not have a conflict of interest with the beneficiaries of the old pension plan. While Pullman Comley may have had a fiduciary duty to the beneficiaries of the old plan, the existence of the duty did not make those beneficiaries clients of Pullman Comley. See Comment to Rule 1.13(a) of the Rules of Professional Conduct.
The defendant next claims Pullman Comley should be disqualified under Rule 3.7 of the Rules of Professional Conduct on the grounds (1) Pullman Comley is a necessary party to this litigation and (2) that lawyers from the firm will be material witnesses at trial. The defendant basis this disqualification claim on its assertion that any errors in the distributions were due to the "negligence, carelessness, and mismanagement of the Plan by Pullman Comley LLC which gave rise to the above-captioned action. . . ." This court (Moran, J.) previously determined Pullman Comley is not a necessary party when it denied the defendant's motion to cite-in Pullman Comley. This court now concludes that lawyers from Pullman Comley are not necessary witnesses under Rule 3.7. The plaintiffs' claims against the defendant are based on the legal theories of breach of contract, conversion, unjust enrichment, and constructive trust. The resolution of these claims turns on the trier of fact deciding who is the owner of the stock. Whether Pullman Comley was negligent when it reviewed the old plan and gave advice on the distributions is not relevant to the ownership issue.
The motion to disqualify Pullman Comley, LLC as plaintiffs' counsel is denied.
THIM, JUDGE